**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Candice Beasley, Appellant.

Appellate Case No. 2016-001908

Appeal From Lexington County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2018-UP-418
Submitted October 1, 2018 – Filed November 7, 2018

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** Candice Beasley appeals her conviction of infliction of great bodily injury upon a child, arguing the trial court erred in denying her motion for a

directed verdict because the record contains no evidence of great bodily harm.[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [this c]ourt must find the case was properly submitted to the jury."); *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State."); S.C. Code Ann. § 16-3-95(A) (2015) ("It is unlawful to inflict great bodily injury upon a child."); S.C. Code Ann. § 16-3-95(C) (2015) ("'[G]reat bodily injury' means bodily injury . . . [that] causes serious . . . disfigurement . . . .").

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] Beasley was convicted of both infliction of great bodily harm upon a child and unlawful conduct toward a child. Beasley does not challenge her conviction of unlawful conduct toward a child.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.